### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO.: 18-451 |
| | : |
| Vs. | : |
| | : |
| LAROSADO MORRALES | : |

### **DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Larosado Morrales submits the following for this Honorable Court's consideration at sentencing.

### **APPLICABLE LEGAL FRAMEWORK FOR SENTENCING**

In *United States v. Booker*, the United States Supreme Court directed that a sentencing court must sentence a defendant to a sentence that is reasonably "*sufficient but not greater than necessary* to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553 . . . ." *United States v. Booker,* 125 S. Ct. 738, 766 (2005) (emphasis added).

The advisory guidelines are now just one of the several factors which the Court must consider at sentencing pursuant to the guiding principles in *Booker* and 18 U.S.C. § 3553. Sentencing under the prior unconstitutional scheme did not allow the District Court the opportunity properly to assess whether a sentence lower than that called for by the guidelines would be reasonable or sufficient.

Now, pursuant to *Booker*, the Court must sentence the defendant to a sentence that is reasonably "*sufficient but not greater than necessary"* to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). To determine the appropriate sentence, a sentencing court now must not just determine the correct advisory guideline range and sentence within that range. A sentencing court also must expressly consider and weigh

1

all the relevant statutory factors set froth in 18 U.S.C. § 3553(a) to exercise independent judgment to determine what is the appropriate sentence -- whether within or outside the advisory sentencing guideline range. United States v. Cooper, 437 F.3d 556, 517-72. *See also United States v. Cooper,* 437 F.3d 324, 329 (3d Cir. 2006): *United States v. Vampire Nation,* 451 F.3d 189, 196 (3d Cir. 2006).

The factors which the sentencing court must consider pursuant to 18 U.S.C. § 3553 essentially are:

(1) the nature and circumstance of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available:

(4) the kinds of sentence and the sentencing range established for… the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…issued by the Sentencing Commission [;]

(5) any pertinent policy statement… issued by the Sentencing Commission [;]

>    (6)   the need to avoid unwanted sentencing disparity among defendants with similar records who have been found guilty of similar conduct; and
>
>    (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (a).  *See also Grier*, 475 F.3d at 571 n.10.

As the United States Court of Appeals for the Third Circuit has stated, "a within-guidelines sentence is not necessarily reasonable *per se.* Otherwise . . . we would come close to restoring the mandatory nature of the guidelines excised in <u>Booker</u>." *Cooper,* 437 F.3d at 331.

The appellate standard of review for sentencing decisions now is "reasonableness." *Booker,* 125 S. Ct. at 766; *Grier,* 475 F.3d at 561; *Cooper,* 437 F.3d at 329-331.  In light of *Booker* and its progeny, a sentencing court also may engage in a variance from the advisory sentencing guideline range based on factors that would not otherwise be a sufficient or even permissible basis for departure under the advisory guidelines:

> a guidelines departure prohibition does not preclude the district court from considering that factor when the issue is a variance under Booker.' *United States v. Gatewood,* 438 F.3d 894, 897 (8th Cir. 2006); see also, e.g., *United States v. Lake,* 419 F. 3d 111, 114 (2d Cir. 2005) (commenting that "absent the strictures of the Guidelines, counsel would have had the opportunity to urge consideration of circumstances that were prohibited as grounds for a departure" under § 5K2.0(d) ); *United States v. Milne,* 384 F. Supp. 2d 1309, 1312 (E.D. Wis. 2005) (holding that post-*Booker*, "courts may grant additional consideration to defendants who demonstrate acceptance beyond that necessary to obtain a two or three level reduction under § 3E1.1" because "such conduct bears directly on their character, § 3553 (a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, § 3553 (a)(2)").  *United States v. Severino,* 454 F. 3d 206, 211 (3d Cir.2006). See also *Vampire Nation,* 451 F. 3d at 195-196 (delineating difference between variance and departure).

**I.     DEFENDANT LARASADO MORRALES RESPECTFULLY REQUESTS A WITHIN GUIDELINES SENTENCE PURSUANT TO 18 U.S.C. § 3553 (f)(1)-(5) AND THE UNITED STATES SENTENCING GUIDELINES § 2L1.2**

Defendant pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(1) on April 17, 2019 before Your Honor.

Defendant had been arrested on July 22, 2018 on local charges. A Bureau of Immigration and Customs Enforcement (ICE) detainer was lodged resulting in the defendant being in continuous custody for the past year.

The original state court charges lodged July 22, 2019 were dismissed on January 3, 2019.

Defendant was ill advised to dispose of those charges by way of a guilty plea, and, as a result, the plea was withdrawn and, subsequently, the case was dismissed; the substance of the underlying accusation was questionable from the outset.

Defendant returned to United States essentially to work. His work history in this country is commendable. While living here, albeit illegally, he supported himself and his family with the monies be earned. He was characterized as reliable and hard working. Much of the money earned here he sent to his Mother and wife who then and, now, continue to reside in Mexico.

Defendant was never a burden on the United States or Pennsylvania resources. He worked and paid his own way while here. His interest in residing in this country was for work and pay. Raised in impoverished conditions, but having had instilled a sturdy work ethic, defendant sought pay for his efforts. He found a natural marriage of his willingness to work and available employment here in Philadelphia.

Defendant has expressed true regret for his failing and recognizes that his mistake has cost his family the loss of his efforts and support.

His sole desire today is to return to Mexico, where his wife and family reside. There he will remain and, return to his hard working habits so as to continue to support them.

## II.    CONCLUSION AND RECOMMENDATION

It seems clear here that a within guideline sentence would satisfy all of the sentencing consideration embodied in § 3553. As stated in the Pre-Sentence Report, defendants guidelines implicate a sentence of incarceration of 6-12 months.

Defendant has demonstrated remorse and has successfully served the past year incarcerated with no infractions.

At the time of this sentencing hearing defendant will be four (4) days shy of one (1) year of incarceration, both in Philadelphia County prison and the Federal Detention Center.

Defendant will be deported, again, upon his completion of whatever sentence this Honorable Court shall impose.

Defendant respectfully requests that this Court sentence him within the guidelines range of 6 to 12 months with credit for all of the time he has already served.

Such a sentence will accomplish of the sentencing goals dictated by statute and the guidelines.

                                          Respectfully Submitted,

                                          */s/ Guy R. Sciolla*

                                          _____
                                          GUY R. SCIOLLA, ESQUIRE
                                          Attorney for Defendant, Larosado Morrales
                                          Attorney ID: 19051
                                          1910 Land Title Building
                                          100 S. Broad Street
                                          Philadelphia, PA  19110
                                          Tel:   (215) 972-1544
                                          Fax:   (215) 972-1545

Date: July 15, 2019